Jeffrey F. Kagan (SBN 193240)
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile:  310.836.4801

Attorney for Plaintiff
CETERA FINANCIAL GROUP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CETERA FINANCIAL GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> GILBERT RUSSELL CONRAD, <br><br> Defendant. | Case No. 2:20-cv-09084 <br><br> **PLAINTIFF CETERA FINANCIAL GROUP, INC.'S COMPLAINT FOR DAMAGES** |

Plaintiff CETERA FINANCIAL GROUP, INC. alleges as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. **§** 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

## VENUE

2. Venue is proper based upon a forum selection agreement between the parties hereto to resolve all disputes in Los Angeles, California, either in State or Federal Court.

## THE PARTIES

3. Plaintiff Cetera Financial Group, Inc. ("Cetera") is a limited liability company and is headquartered at 200 N. Pacific Coast Highway, Suite 1200, El Segundo, California, 90245.

4. Defendant Gilbert Russell Conrad ("Defendant") is a resident of the state of New York, and is currently affiliated with Arkadios Capital, located at 716 Center Street, Lewiston, NY 14092.

## STATEMENT OF FACTS

5. In or around April 2014, Defendant registered as a representative with J.P. Turner & Company Capital Management, LLC, ("J.P. Turner") a Cetera broker-dealer.

6. Following the closing of J.P. Turner, Defendant registered with Summit Brokerage Services, Inc. ("Summit"), another Cetera broker-dealer, in or around July 2015.

7. On July 10, 2015, Defendant executed a promissory note ("CFG Note") with Cetera for $600,000 ("CFG Principal Balance"). *See* Exhibit A, CFG Note, ¶ 1.

8. The CFG Note was to be repaid in one (1) year on or before September 15, 2016. In the event the outstanding amount was not fully repaid by

the date specified, the loan would be in default and would become immediately due and payable. *See* Exhibit A, CFG Note, ¶ 6 (b)(i).

9. Defendant's representation with Cetera terminated on October 17, 2016.

10. As of that date, the outstanding balance on the CFG Note, including interest, totaled $188,807.17.

11. Since that time, Defendant has failed to make a single payment towards the outstanding balance on the CFG Note and interest has been, is and will be accruing as agreed.

12. On June 23, 2020, Cetera, by and through its counsel of record, sent a demand letter to Defendant. *See* Exhibit B, June 23, 2020 Demand Letters to Defendant. To date, however, Defendant has not attempted to make payments towards the outstanding balance owed.

13. Despite Cetera's attempt to collect the debt, the balance of $271,111.98 remains due and payable by Defendant.

## FIRST CAUSE OF ACTION

BREACH OF PROMISSORY NOTE

14. Cetera realleges paragraphs 1 through 13.

15. Pursuant to Article 3 of the Uniform Commercial Code, an action to enforce payment on a negotiable instrument (such as a promissory note) shall be commenced within six years after the due date stated in the note. Cal. Coml. § 3118(a).

16. Cetera and Defendant clearly executed a negotiable instrument in the form of the CFG Note.

17. By engaging in the acts set forth above, Defendant breached the repayment terms of the CFG Note, causing damages to Cetera in the amount of $188,807.17, plus interest.

18. In addition, Cetera was required to obtain counsel to bring the instant action, thereby incurring additional damages, including attorneys' fees, in an amount yet to be determined but for which Defendant is responsible.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Cetera hereby requests the following relief:

A. Actual damages in the amount of $188,807.17 pursuant to the amount owed on the CFG Note;

B. Interest on $188,807.17 pursuant to the CFG Note accrued from October 17, 2016 through the date of payment in full;

C. All costs incurred by Cetera in connection with the enforcement and collection of the amount owed, including but not limited to costs of suit and arbitration costs;

D. Attorneys' fees incurred in connection with the filing of this Complaint.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: October 1, 2020      By:  /s/Jeffrey F. Kagan
                                  Jeffrey F. Kagan

                                  Attorney for Plaintiff
                                  CETERA FINANCIAL GROUP, INC.

# EXHIBIT A



# PROMISSORY NOTE

**$600,000**                                                                                                                                            **El Segundo, CA**
                                                                                                                                                        **July 10, 2015**

1. For value received of **$600,000** the receipt and adequacy of which are hereby acknowledged, the undersigned **Gilbert Russell Conrad**, residing at **4617 Lower River Road, Lewiston, NY 14092** (the "*Borrower*"), enter into this Promissory Note (the "*Note*") and promises to pay to the order of Cetera Financial Group, Inc. **("Cetera")**, or its successors or assigns (the "*Holder*"), at 200 N. Sepulveda Blvd., Ste. 1200, El Segundo, CA 90245, or at such other place as the Holder hereof may from time to time specify, the principal sum of **Six Hundred Thousand Dollars ($600,000)** (the "**Principal Amount**") with the Principal Amount and all accrued but unpaid interest thereon to be due and payable as specified in this Note until all principal balance, accrued interest and costs are fully paid which shall not be later than **July 31, 2016**. The Principal Amount reflects the amount due by Borrower to Cetera pursuant to a loan made by Cetera to Borrower on the date hereof.

The Borrower is obligated to repay the entire principal sum, any interest payments and any additional costs contemplated herein, and the Holder is hereby authorized to enforce the terms herein against Borrower.

Further, the Borrowers, at their own expense, are obligated to obtain within 30 days of the effective date of this Note, and maintain throughout the term of the Note, a term life insurance policy for at least **$600,000** in form satisfactory to the Cetera which names Cetera as the primary beneficiary.

The Borrower acknowledges that this Note shall not be effective unless and until countersigned by Cetera where indicated below. Until such time as the Note is countersigned, Cetera shall be under no obligation whatsoever to comply with the terms herein.

### Interest

2. The interest rate for each quarterly period during the term of this Note in which interest is calculated (the "Interest Period") shall be calculated to be the Base Interest Rate plus five (5) percentage points. The "Base Interest Rate" shall be equal to the greater of a rate equal to (i) the 3 Month Libor rate as displayed in the Bloomberg Financial Markets System (or, if not so appearing, as published in the "Money Rates" section of the Wall Street Journal or another national publication selected by Borrower) two Business Days prior to the first day of the next Interest Period, or (ii) 1.50%. All computations of interest shall be made on the basis of a 360 day year for the actual number of days (including the first day but excluding the last day) occurring in the period for which interest is payable.

### Allocation of Payments

3. Any payments received by the Holder of this Note shall be applied first to any costs and expenses incurred by the Holder in connection with the exercise of any rights and remedies hereunder, second, against any interest then due and payable, and third, to any repayment or prepayment of the unpaid Principal Amount of this Note.

### Prepayments of Principal and Interest

4. The Borrower shall be entitled to prepay this Note (including any accrued but unpaid interest thereon through the date of prepayment), in whole or in part, without penalty, prior to maturity.

**Default**

5. Any one or more of the following events shall constitute an *"Event of Default"*:

    a. The Borrower fails to pay when due any installment of principal and interest under this Note, and the same shall go unremedied for a period of ten (10) Business Days. For purposes of this Note, "Business Days" shall mean any day, other than Saturday, Sunday or legal holidays, in which banks in the State of California are open;

    b. Any event or condition shall occur which results in the acceleration of the maturity of any material indebtedness of the Borrower or enables the holder or holders of such indebtedness or any trustee or agent for such holders (any required notice of default having been given and any applicable grace period having expired) to accelerate the maturity of such indebtedness, and continuance of such default for a period of ten (10) Business Days;

    c. The Borrower, or any entity controlled by the Borrower, becomes insolvent as defined in the Uniform Commercial Code as in effect at that time in the State of California;

    d. The Borrower (i) commences a voluntary case or other proceeding or files a petition seeking liquidation, reorganization or other similar relief under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or seeking the appointment of a custodian, trustee, receiver, liquidator or other similar official of his or its or any substantial part of his or its property, (ii) consents to the institution of, or fails to contest in a timely and appropriate manner, any proceeding or petition described in clause (i) above, (iii) applies for or consents to the appointment of a custodian, trustee, receiver, liquidator or other similar official for himself or itself or a substantial part of his or its assets, (iv) files an answer admitting any of the allegations of a petition filed against it in any such proceeding, (v) makes a general assignment for the benefit of his or its creditors, (vi) admits in writing that he or it is unable to pay his or its debts generally as they become due or (vii) takes any action for the purpose of effecting any of the foregoing;

    e. The Borrower commences or is the subject of an involuntary proceeding or an involuntary petition concerning any entity controlled by the Borrower seeking (i) liquidation, reorganization or other similar relief in respect of the Holder or his debts, or any substantial part of his assets, under any federal, state or foreign bankruptcy, insolvency or other similar laws now or hereafter in effect or (ii) the appointment of a custodian, trustee, receiver, liquidator or other similar official for an entity controlled by either of the Borrower or for a substantial part of his assets, and in each such case, such proceeding or petition shall remain undismissed for a period of forty-five (45) calendar days or an order or decree approving or ordering any of the foregoing shall be entered; or

    f. The Borrower (i) fails to maintain (whether based on action or inaction), terminates, is terminated (with or without cause), or resigns his or her securities registration with a Cetera affiliated broker-dealer, (ii) becomes registered with a broker/dealer other than a Cetera affiliated broker-dealer, (iii) makes a material misstatement, misrepresentation or omission for the purpose of obtaining the loan evidenced hereby or inducing a Cetera affiliated broker-dealer to enter into or maintain the Relationship (as defined below).

**Enforcement; Remedies; Right to Offset**

6. Upon the occurrence of:

    a. Immediately upon the death of the Borrower; or

    b. An Event of Default as defined in Section 5 hereof, then,
Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Gilbert Russell Conrad
July 10, 2015
Page 2 of 6

       i. Unless the Note will remain due and payable by written agreement, all amounts due shall immediately accelerate and the Holder shall declare the unpaid Principal Amount and any accrued but unpaid interest thereon, to be immediately due and payable and the Borrower agrees to provide prompt and complete payment to Holder;

       ii. The Interest Rate shall immediately increase to the rate set forth as the Default Rate of Interest below and shall immediately commence to accrue on the unpaid Principal Amount.

       iii. The Holder may proceed to protect and enforce its rights by suit in equity, action at law or by other appropriate proceeding, whether for the specific performance of any covenant or agreement contained herein, or in aid of the exercise of any power granted herein, or may proceed to enforce any other legal right which Holder may have, whether at law or in equity, all of which it hereby expressly reserves.

To secure the repayment of this Note, and any renewal, extension, consolidation or subsequent loan made by Cetera or Holder to Borrower, Borrower hereby grant Holder a security interest in the following Collateral:

    a. A security interest in and right of offset against all commissions, bonuses and other compensation, payments, overrides of any kind, however denominated, which are payable by Cetera, Holder, or any company affiliated with either of them, to Borrower relating to business produced by Borrower; and

    b. A security interest in and right of offset against all commissions, bonuses and other compensation, overrides, vested insurance overrides, or payments of any kind, however denominated, which are payable by other entities to Borrower relating to business produced by Borrower.

Borrower warrants that title to the Collateral is free and clear of encumbrances. Borrower further warrants that he has full right and authority to execute this Note and all related documents. Borrower agrees to execute financing statements and other documents as requested by Holder which are necessary to perfect the security interest given herein, and to reimburse Holder for all fees and costs incurred in perfecting and maintaining its security interests, including, without limitation, UCC filing fees.

Borrower agrees that upon one day's prior notice, Holder shall have the right to inspect the Collateral and the right to audit and copy Borrower's books and records related to the Collateral.

### Default Rate of Interest

7. Upon the occurrence of any Event of Default, interest at a rate equal to Base Interest Rate (as defined above) plus 10 (ten) percentage points, shall immediately commence to accrue on the unpaid balance of principal and interest hereunder.

### Remedies Cumulative

8. All rights, remedies, or powers hereby conferred upon Holder shall, to the extent not prohibited by law, be deemed cumulative and not exclusive of any other thereof, or any other rights, remedies or powers available to Holder. No delay or omission of Holder to exercise any right, remedy or power shall impair any such right, remedy or power nor be construed to be a waiver of an Event of Default or an acquiescence therein. Any right, remedy or power conferred upon Holder hereunder may be exercised from time to time, independently or concurrently, and as often as it shall deem expedient. No waiver of any Event of Default by Holder shall extend to or shall affect any subsequent Event of Default. No single or partial exercise of any right, remedy or power by Holder shall preclude further exercise thereof by Holder. Acceptance by Holder of partial payments following acceleration of the indebtedness evidenced hereby shall not constitute a waiver by Holder of the acceleration of such indebtedness.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Gilbert Russell Conrad
July 10, 2015
Page 3 of 6

### Costs and Expenses

9.  In the event of a dispute regarding this Note or if enforcement proceedings are required in order to collect this Note, the prevailing party shall be entitled to recover all reasonable costs and expenses, including attorneys' fees.

### The Relationship

10. During the term of this Note, Borrower shall maintain his securities registration with a Cetera affiliated broker-dealer, and that broker-dealer shall be the only broker-dealer with which the Borrower is registered (referred to herein as the "Relationship").

This Note confers no rights to registration or affiliation with any of the affiliated broker-dealers, and is entirely independent and unrelated to the Borrower's relationship with the broker-dealers. Any issues related to the Relationship, including claims related or stemming from Borrower's affiliation or association with the broker-dealers are solely between the Borrower and applicable broker-dealer and have no impact on the Borrower's obligations with respect to this Note.

### Payment of Installments of Principal and Interest

11. The Note shall be repaid as follows:

   a. Beginning on **August 31, 2015,** and on or before **the last day of each month** thereafter for a period of **Twelve (12) months**, Borrower shall make payments equal to the accrued but unpaid interest, plus $1/12^{th}$ of the original Principal Amount such that all the Principal Amount and interest shall be fully amortized and repaid no later than **July 31, 2016.** Holder shall provide Borrower with an amortization schedule providing for minimum payments, at the interest rate as defined above.

   b. All payments shall be made in immediately available funds, consisting of United States currency and received by Holder at its address above, or deposited to such account or received at such alternate location as Holder may require by notice to Borrower, on or before the first business day of each calendar month thereafter for the duration of this Agreement.

   c. Holder shall collect each installment or other payment owed by withholding any amounts otherwise due from Holder or any of its affiliates to Borrower in such amount as may be necessary to fulfill Borrower's obligation to make payments as described herein, although doing so shall not relieve Borrower from the obligation to arrange for payment in full as of each applicable due date should such withholding for any reason be insufficient to satisfy the required installment payments. All payments shall be received by Holder at its address above, or deposited to such account or received at such alternate location as Holder may require by notice to Borrower, on or before the first business day of each calendar month thereafter for the duration of this Agreement.

   d. The Borrower at any time may elect to make a payment in excess of the minimum required payment with no pre-payment penalty.

### Miscellaneous

12. Nothing contained in this Note, or in any other document relating hereto, shall be construed or so operate as to require Borrower to pay interest in an amount or at a rate greater than the highest rate permissible under applicable law. Any interest or other charge paid by Borrower in excess of the highest rate permissible under applicable law shall be automatically credited against and in reduction of the principal balance, and any portion of said excess that exceeds the principal balance shall be paid by the Holder to Borrower.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Gilbert Russell Conrad
July 10, 2015
Page 4 of 6

### Severability

13. If any provision (or any part of any provision) contained in this Note shall for any reason be held or deemed to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein, and the remaining provisions of this Note shall remain in full force and effect.

### Confidentiality

14. Borrower agrees not to disclose, directly or indirectly, the terms or existence of this Note or any fact concerning its negotiation, execution or implementation to anyone; provided, however, Borrower may disclose the terms of the Note (i) to the Borrower's spouse; (ii) to his legal counsel and accountant; (iii) to a court pursuant to subpoena or order; (iv) to taxing authorities as necessary to comply with any statute; and (v) as otherwise as required by law or industry regulation.

### Amendment

15. No amendment, supplement, modification, waiver, discharge or other change to this Note shall be binding unless executed in writing by all parties to be bound thereby. No waiver of any of the provisions of this Note shall be deemed or shall constitute a waiver of any other provision of this Note, nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

### Law to Govern

16. This Note shall be governed by the internal substantive laws of the State of California.

### Venue

17. The parties to this Note agree that any suit, action or proceeding arising out of or relating to this Note must be initiated or heard in a state or federal court, in the City of Los Angeles, County of Los Angeles, State of California.

### Time

18. Time is of the essence in the payment and performance of this Note. Whenever, however, a payment hereunder becomes due on a day that is not a business day for the Holder, the due date for such payment shall be extended to the next succeeding business day and interest applicable to such amount shall accrue during any such extension.

### Assignment

19. This Note may be assigned by Holder without the consent of Borrower. This Note may not be assigned by Borrower. Any attempt to assign this Note by Borrower shall be void.

### Power of Attorney; Confession of Judgment

20. The undersigned authorizes any attorney at law to appear in any court of record of competent jurisdiction after the obligations of this Note become due, whether by acceleration or otherwise, to admit the maturity thereof, to waive the issuing of service of process and to confess a judgment against the undersigned in favor of any holder of this Note for the amount then appearing due and all reasonable costs and expenses, including attorneys fees.

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Gilbert Russell Conrad
July 10, 2015
Page 5 of 6

**WARNING: BY SIGNING THIS NOTE, YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE, AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR, WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH ANY AGREEMENT, OR ANY OTHER CAUSE.**

**THE UNDERSIGNED HEREBY WAIVES PRESENTMENT FOR PAYMENT, DEMAND, NOTICE OF DEMAND, NOTICE OF NONPAYMENT, NOTICE OF DISHONOR, PROTEST, NOTICE OF PROTEST AND DILIGENCE IN BRINGING SUIT AGAINST ANY PARTY HERETO.**

"BORROWER"

_____
Gilbert Russell Conrad

7-10-15
Date

State of New York
County of Niagara

Before me, a notary in and for said county and state, personally appeared **Gilbert Russell Conrad**, who acknowledged his execution of the above Promissory Note as his free and voluntary deed for the purposes stated therein this 10 day of July, 2015.

**KATHLEEN A GIBSON**
**Notary Public - State of New York**
**No. 01GI4983385**
**Qualified in Niagara County**
**My Commission Expires June 24, 2019**

_____
Notary Public

This Note shall not be effective until executed above and countersigned by an officer of Cetera. Until such time as this Note is countersigned, Cetera shall have no obligation to honor the Note offered or otherwise subject to the terms hereof.

Accepted and Approved

CETERA FINANCIAL GROUP, INC.,

By: _____

Print Name: Brian Nygaard

Title: Chief Financial Officer

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Promissory Note
Gilbert Russell Conrad
July 10, 2015
Page 6 of 6



# FIRST AMENDMENT TO PROMISSORY NOTE

Gilbert Russell Conrad ("**Borrower**") and Cetera Financial Group, Inc. ("**Holder**") hereby agree to amend the Promissory Note ("**Note**") issued by Borrower to Holder dated July 10, 2015. Terms used in this Amendment that are defined in the Note shall have the same meaning as given in the Note.

For good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Note is hereby amended as follows:

Section 1

The first paragraph of Section 1 of the Note is superseded and replaced in its entirety with the following:

"For value received of **$600,000** the receipt and adequacy of which are hereby acknowledged, the undersigned **Gilbert Russel Conrad**, residing at **4617 Lower River road, Lewiston, NY 14092** (the "*Borrower*"), enters into this Promissory Note (the "*Note*") and promises to pay to the order of Cetera Financial Group, Inc. ("**Cetera**"), or its successors or assigns (the "*Holder*"), at 200 N. Sepulveda Blvd., Ste. 1200, El Segundo, CA 90245, or at such other place as the Holder hereof may from time to time specify, the principal sum of **Six Hundred Thousand Dollars ($600,000)** (the "**Principal Amount**") with the Principal Amount and all accrued but unpaid interest thereon to be due and payable as specified in this Note until all principal balance, accrued interest and costs are fully paid which shall not be later than **August 15, 2016**. The Principal Amount reflects the amount due by Borrower to Cetera pursuant to a loan made by Cetera to Borrower on the date hereof."

Section 11

Subsection a of Section 11 of the Note is superseded and replaced in its entirety with the following:

"a. Beginning on **September 15, 2015**, and on or before **the fifteenth (15th) day of each month** thereafter for a period of **Twelve (12)** months, Borrower shall make payments equal to the accrued but unpaid interest, plus 1/12th of the original Principal Amount such that all the Principal Amount and interest shall be fully amortized and repaid no later than **August 15, 2016**. Holder shall provide Borrower with an amortization schedule providing for minimum payments, at the interest rate as defined above."

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

First Amendment to Promissory Note
Gilbert Russell Conrad
August 7, 2015
Page 1 of 2



Borrower hereby confirms and ratifies the Note, as amended, and the parties agree that the remaining terms of the Note not amended hereby are confirmed and ratified. This Amendment shall become effective upon signatures of both parties below.

"BORROWER"

_____
Gilbert Russell Conrad

8/10/2015
Date

Accepted and Approved:

**CETERA FINANCIAL GROUP, INC.:**

By: _____

Print Name: Brian Nygaard

Title: Chief Financial Officer

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

First Amendment to Promissory Note
Gilbert Russell Conrad
August 7, 2015
Page 2 of 2



## SECOND AMENDMENT TO PROMISSORY NOTE

Gilbert Russell Conrad ("**Borrower**") and Cetera Financial Group, Inc. ("**Holder**") hereby agree to amend the Promissory Note ("**Note**") issued by Borrower to Holder dated July 10, 2015, as amended by the First Amendment to Promissory Note dated August 7, 2015. Terms used in this Second Amendment that are defined in the Note shall have the same meaning as given in the Note.

For good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Note is hereby amended as follows:

Section 1

The first paragraph of Section 1 of the Note is superseded and replaced in its entirety with the following:

> "For value received of **$600,000** the receipt and adequacy of which are hereby acknowledged, the undersigned **Gilbert Russell Conrad**, residing at **4617 Lower River Road, Lewiston, NY 14092** (the "*Borrower*"), enters into this Promissory Note (the "*Note*") and promises to pay to the order of Cetera Financial Group, Inc. ("**Cetera**"), or its successors or assigns (the "*Holder*"), at 200 N. Sepulveda Blvd., Ste. 1200, El Segundo, CA 90245, or at such other place as the Holder hereof may from time to time specify, the principal sum of **Six Hundred Thousand Dollars ($600,000)** (the "**Principal Amount**") with the Principal Amount and all accrued but unpaid interest thereon to be due and payable as specified in this Note until all principal balance, accrued interest and costs are fully paid which shall not be later than **September 15, 2016**. The Principal Amount reflects the amount due by Borrower to Cetera pursuant to a loan made by Cetera to Borrower on the date hereof."

Section 11

Subsection a of Section 11 of the Note is superseded and replaced in its entirety with the following:

> "a.    Beginning on **October 15, 2015**, and on or before **the fifteenth (15th) day of each month** thereafter for a period of **Twelve (12)** months, Borrower shall make payments equal to the accrued but unpaid interest, plus 1/12th of the original Principal Amount such that all the Principal Amount and interest shall be fully amortized and repaid no later than **September 15, 2016**. Holder shall provide Borrower with an amortization schedule providing for minimum payments, at the interest rate as defined above."

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Second Amendment to Promissory Note
Gilbert Russell Conrad
September 9, 2015
Page 1 of 2



Borrower hereby confirms and ratifies the Note, as amended, and the parties agree that the remaining terms of the Note not amended hereby are confirmed and ratified. This Second Amendment supersedes the First Amendment to Promissory Note.

This Amendment shall become effective upon signatures of both parties below.

"BORROWER"

_____
Gilbert Russell Conrad

9/28/2015
Date


Accepted and Approved:


CETERA FINANCIAL GROUP, INC.:

By: _____

Print Name: Brian Nygaard

Title: Chief Financial Officer

Cetera Financial Group, Inc.
200 N. Sepulveda Blvd., Ste. 1200
El Segundo, CA 90245

Second Amendment to Promissory Note
Gilbert Russell Conrad
September 9, 2015
Page 2 of 2

# EXHIBIT B

**Winget | Spadafora | Schwartzberg | LLP**

NEW YORK:

45 Broadway, 32nd FL
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
Schwartzberg.M@wssllp.com

June 23, 2020

<u>**VIA FEDERAL EXPRESS**</u>

Gilbert Russell Conrad
**ARKADIOS CAPITAL**
716 Center Street
Lewiston, NY 14092

      Re:  <u>*Demand for Repayment of Loan*</u>

Dear Mr. Conrad,

  We have been retained to pursue collection from you of certain loan obligations that remain outstanding.

  As you know, you and Michael DiGaetano borrowed $1,500,000.00 from J.P. Turner & Company Capital Management ("JPT") pursuant to a Promissory Note executed by you on April 11, 2014, (the "JPT Note"), enclosed herewith. The JPT Note provides that the balance of the loan amount and all accrued interest would become "immediately due and payable" in the event of a "Default," which is defined in the JPT Note to include, among other things, your termination of registration with JPT. You terminated your registration with JPT on October 17, 2016.

  The JPT Note also provides that you are "jointly and severally" liable for the entire amount of the loan, meaning that you are individually responsible for the entire repayment. *Accordingly, as of May 2020, including additional interest, there remains $2,725,495.02 due and owing by you.*

  Further, you also borrowed $600,000.00 from Cetera Financial Group, Inc. ("CFG"), pursuant to a Promissory Note executed by you on June 10, 2015, (the "CFG Note"), enclosed herewith. The CFG Note provides that the balance of the loan amount and all accrued interest would become "immediately due and payable" in the event of a "Default," which is defined in the CFG Note to include, among other things, your termination of registration with Summit ("Summit").

  As you know, you terminated your registration with Summit on October 17, 2016. As of that date, there was $188,807.17 remaining due and payable by you on the CFG Note. We are advised that you have not satisfied any portion of that balance. *Accordingly, as of May 2020, including additional interest, there remains $271,111.98 due and owing by you.*

Gilbert Russell Conrad
June 23, 2020
Page 2 of 2

      CFG hereby demands that you satisfy the current outstanding balance on the Notes, and *remit payment in the **total amount of $2,996,607.00**, within **ten (10) days** of the date of this correspondence, or no later than July 3, 2020.*

      Please be advised that if we fail to hear back from you by July 3, 2020 with either written confirmation that payment has been made in full or with written assurances that payment will be made on terms acceptable to my client, we intend to proceed with the filing of a formal proceeding seeking a legal Judgment against you for the full amount of the loan balance, plus all accrued interest through the date of Judgment, as well as all costs and attorney's fees incurred by us, all of which is expressly provided for in the Notes.

      Time is of the essence to my client. Therefore, if, as noted above, we fail to resolve this matter within the next ten days and are forced to file a proceeding, we would request your feedback on the venue in which this will be litigated. Pursuant to the terms of the JPT Note, any proceeding to enforce the Note shall be arbitrated through FINRA in Atlanta, Georgia. In contrast, the terms of the CFG Note provide that any proceedings to enforce the Note shall be initiated in any state or federal court in the State of California. Rather than pursue two separate cases, in two separate venues, we propose that you stipulate to have both matters heard at one time in FINRA. In order to consolidate the venue, please let us know whether you will agree to have the action related to the CFG Note heard in FINRA as well.

      Our client is prepared to arbitrate the matter before the auspices of FINRA's Dispute Resolution forum, pursuant to FINRA's Code of Arbitration Procedure for Industry Disputes, Section 13000, *et seq*.  The following is a link to the FINRA Rules that would govern the arbitration: https://www.finra.org/rules-guidance/rulebooks/finra-rules/13000. **If we fail to hear back from you by July 3, 2020, we will assume that you do not wish to arbitrate both matters before FINRA and we will therefore file two separate actions, one before FINRA in Atlanta, Georgia pursuant to the express terms of the JPT Note, and the other in the California courts pursuant to the express terms of the CFG Note.**

      If you have any questions or wish to discuss your payment options, please feel free to contact me or my partner, Jeff Kagan. I can be reached via email at Schwartzberg.M@wsllp.com or at 917-270-0136; and Jeff can be reached at Kagan.J@wsllp.com or at 310-836-4800.

      We hereby expressly reserve all rights and remedies available at law and equity.

      Very Truly Yours,

**WINGET SPADAFORA & SCHWARTZBERG, LLP**

*/s/ Michael Schwartzberg*
Michael Schwartzberg

Winget | Spadafora | Schwartzberg | LLP